IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGIONS BANK,

        Plaintiff,

   v.

CROWN GLOBAL INVESTMENTS,
INC., NEXGEN PARTNERS LLC,
AKBAR ABDULREHMAN ALIDINA,
AMYN A. ALIDINA, ALMAS
ABDULREHMAN ALIDINA, and
ABDUL R. ALIDINA,

        Defendants.

Civil Action File
No. _____

## **COMPLAINT FOR DAMAGES**

Plaintiff Regions Bank hereby files its Complaint for Damages against Crown Global Investments, Inc., Nexgen Partners LLC, Akbar Abdulrehman Alidina, Amyn A. Alidina, Almas Abdulrehman Alidina, and Abdul R. Alidina, as follows:

### I.      PARTIES AND JURISDICTION

1.    Plaintiff Regions Bank ("Regions") is a corporation incorporated under the laws of the State of Alabama with its principal place of business located in Birmingham, Alabama. Accordingly, Regions is a citizen of the State of Alabama.

2.    Defendant Crown Global Investments, Inc. ("GGI") is a corporation incorporated under the laws of the State of Georgia with its principal place of

business located in Duluth, Georgia. Accordingly, CGI is a citizen of the State of Georgia. CGI may be served through its registered agent, William Paul Mason, at its registered office located at 155 Technology Parkway, Suite 400, Peachtree Corners, Georgia 30092, or wherever else he may be found.

3.    Defendant Nexgen Partners LLC ("Nexgen") is a limited liability company organized under the laws of the State of Georgia. The members of Nexgen are Defendants Abdul R. Alidina, Amyn A. Alidina, and Akbar Abdulrehman Alidina, each of whom are citizens of the State of Georgia. Accordingly, Nexgen is a citizen of the State of Georgia. Nexgen may be served through its registered agent, Defendant Abdul R. Alidina, at its registered office located at 509 Morning Place Way, Suwanee, Georgia 30024, or wherever else he may be found.

4.    Defendant Akbar Abdulrehman Alidina ("Akbar Alidina") is an individual citizen of Georgia. Akbar Alidina may be served at 5945 Springbox Drive, Suwanee, Georgia 30024, or wherever else he may be found.

5.    Defendant Amyn A. Alidina ("Amyn Alidina") is an individual citizen of Georgia. Amyn Alidina may be served at 7950 Wentworth Drive, Duluth, Georgia 30097, 4360 Riverglen Circle, Suwanee, Georgia 30024, or wherever else he may be found.

6.    Defendant Almas Abdulrehman Alidina ("Almas Alidina") is an individual citizen of Georgia.  Almas Alidina may be served at 509 Morning Place Way, Suwanee, Georgia 30024, or wherever else she may be found.

7.    Defendant Abdul R. Alidina ("Abdul Alidina" and, collectively with Akbar Alidina, Amyn Alidina, Almas Alidina, the "Individual Guarantors") is an individual citizen of Georgia.  Abdul Alidina may be served at 509 Morning Place Way, Suwanee, Georgia 30024, or wherever else he may be found.

8.    This Court has personal jurisdiction over CGI, Nexgen, and the Individual Guarantors (collectively, "Defendants") because Defendants are each citizens of the State of Georgia.

9.    This Court has subject-matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, as Regions and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) and N.D. Ga. L.R. 3.1(B), as the cause of action arose within the Northern District of Georgia, Atlanta Division.

46564860 v1

## II.    FACTUAL BACKGROUND

A.    <u>The CGI Notes</u>.

11.    On or about January 25, 2016, CGI executed and delivered that certain Promissory Note of even date in the face amount of $583,740.00 made payable to Regions ("Term Note 3566") memorializing a loan made by Regions in the same amount.  A true and correct copy of Term Note 3566 is attached hereto as Exhibit A.

12.    On or about December 22, 2016, CGI executed and delivered that certain Promissory Note of even date in the face amount of $616,052.00 made payable to Regions ("Term Note 4806") memorializing a loan made by Regions in the same amount.  A true and correct copy of Term Note 4806 is attached hereto as Exhibit B.

13.    On or about April 15, 2019, CGI executed and delivered that certain Promissory Note of even date in the face amount of $1,100,000.00 made payable to Regions ("Term Note 1855") memorializing a loan made by Regions in the same amount.  A true and correct copy of Term Note 1855 is attached hereto as Exhibit C.

14.    On or about August 28, 2020, CGI executed and delivered that certain Promissory Note of even date in the face amount of $300,000.00 made payable to Regions (the "CGI LOC Note" and, collectively with Term Note 3566, Term Note

46564860 v1

4806, and Term Note 1855, the "CGI Notes") memorializing a line of credit provided by Regions to CGI. A true and correct copy of the CGI LOC Note is attached hereto as Exhibit D.

15.     The CGI LOC Note was subsequently modified by, among other things, a letter agreement dated March 3, 2021, which extended the maturity date of the CGI LOC Note from February 28, 2021 to May 28, 2021 ("CGI Letter Agreement"). A true and correct copy of the CGI Letter Agreement is attached hereto as Exhibit E.

B.     The Nexgen Note

16.     On or about August 27, 2020, Nexgen executed and delivered that certain Promissory Note of even date in the face amount of $350,000.00 made payable to Regions (the "Nexgen Note") memorializing a line of credit provided by Regions to Nexgen. A true and correct copy of the Nexgen Note is attached hereto as Exhibit F.

17.     The Nexgen Note was subsequently modified by, among other things, a letter agreement dated March 3, 2021, which extended the maturity date of the Nexgen Note from February 27, 2021 to May 27, 2021 ("Nexgen Letter Agreement"). A true and correct copy of the Nexgen Letter Agreement is attached hereto as Exhibit G.

46564860 v1

C.    <u>The Guarantees</u>.

18.    The CGI Notes each are guaranteed by, among other things, that certain Commercial Guaranty executed by Nexgen in favor of Regions dated August 28, 2020 (the "Nexgen Guaranty").  A true and correct copy of the Nexgen Guaranty is attached hereto as Exhibit H.

19.    The Nexgen Note is guaranteed by, among other things, that certain Commercial Guaranty executed by CGI in favor of Regions dated August 27, 2020 (the "CGI Guaranty").  A true and correct copy of the CGI Guaranty is attached hereto as Exhibit I.

20.    The CGI Notes and the CGI Guaranty each are guaranteed by, among other things, that certain Commercial Guaranty executed by Akbar Alidina in favor of Regions dated August 28, 2020 (the "Akbar Alidina CGI Guaranty").  A true and correct copy of the Akbar Alidina CGI Guaranty is attached hereto as Exhibit J.

21.    The CGI Notes and the CGI Guaranty each are further guaranteed by, among other things, that certain Commercial Guaranty executed by Amyn Alidina dated August 28, 2020 (the "Amyn Alidina CGI Guaranty").  A true and correct copy of the Amyn Alidina CGI Guaranty is attached hereto as Exhibit K.

22.    The CGI Notes and the CGI Guaranty each are further guaranteed by, among other things, that certain Commercial Guaranty executed by Almas Alidina

dated December 22, 2016 (the "Almas Alidina Guaranty" and, collectively with the Akbar Alidina CGI Guaranty, and the Amyn Alidina CGI Guaranty, the "CGI Personal Guarantees"). A true and correct copy of the Almas Alidina Guaranty is attached hereto as Exhibit L.

23.    The Nexgen Note and the Nexgen Guaranty each are guaranteed by, among other things, that certain Commercial Guaranty executed by Akbar Alidina in favor of Regions dated August 27, 2020 (the "Akbar Alidina Nexgen Guaranty"). A true and correct copy of the Akbar Alidina Nexgen Guaranty is attached hereto as Exhibit M.

24.    The Nexgen Note and the Nexgen Guaranty each are further guaranteed by, among other things, that certain Commercial Guaranty executed by Amyn Alidina dated August 27, 2020 (the "Amyn Alidina Nexgen Guaranty"). A true and correct copy of the Amyn Alidina Nexgen Guaranty is attached hereto as Exhibit N.

25.    The Nexgen Note and the Nexgen Guaranty each are further guaranteed by, among other things, that certain Commercial Guaranty executed by Abdul Alidina dated August 27, 2020 (the "Abdul Alidina Guaranty" and, collectively with the Akbar Alidina Nexgen Guaranty, and the Amyn Alidina Nexgen Guaranty, the "Nexgen Personal Guarantees" and, collectively with the CGI Personal Guarantees,

7

the "Personal Guarantees").  A true and correct copy of the Abdul Alidina Guaranty is attached hereto as Exhibit O.

D.    The Loan Documents Are Cross-Defaulted.

26.    Regions is the holder of the CGI Notes, the Nexgen Note, the CGI Guaranty, the Nexgen Guaranty, the Personal Guarantees, and all documents executed in connection therewith or pursuant thereto (collectively, the "Loan Documents").

27.    All obligations owed to Regions under the Loan Documents are cross-defaulted.

E.    The Defaults.

28.    CGI is in default of the CGI Notes because, among other things, it failed to pay the amounts owing under the CGI LOC Note in full at maturity on May 28, 2021 (the "CGI Maturity Default").

29.    CGI is in default of the CGI LOC Note due to the CGI Maturity Default, and in default under Term Note 3566, Term Note 4806, and Term Note 1855 due to the CGI Maturity Default, pursuant to the cross-default provisions in each of Term Note 3566, Term Note 4806, and Term Note 1855.

30.    Nexgen is in default of the Nexgen Guaranty for failing to pay the amounts owing under the CGI Notes upon the CGI Maturity Default, among other reasons.

31.    Akbar Alidina is in default of the Akbar Alidina CGI Guaranty for failing to pay the amounts owing under the CGI Notes upon the CGI Maturity Default, among other reasons.

32.    Amyn Alidina is in default of the Amyn Alidina CGI Guaranty for failing to pay the amounts owing under the CGI Notes upon the CGI Maturity Default, among other reasons.

33.    Almas Alidina is in default of the Almas Alidina Guaranty for failing to pay the amounts owing under the CGI Notes upon the CGI Maturity Default, among other reasons.

34.    Abdul Alidina is in default of the Abdul Alidina Guaranty for failing to pay the amounts owing under the CGI Notes and the Nexgen Guaranty upon the CGI Maturity Default, among other reasons.

35.    Nexgen is in default under the Nexgen Note because, among other things, it failed to pay the amounts owing under the Nexgen Note in full at maturity on May 27, 2021 (the "Nexgen Maturity Default").

46564860 v1

36.     CGI is in default of the CGI Guaranty for failing to pay the amounts owing under the Nexgen Note upon the Nexgen Maturity Default, among other reasons.

37.     Akbar Alidina is in default of the Akbar Alidina Nexgen Guaranty for failing to pay the amounts owing under the Nexgen Note upon the Nexgen Maturity Default, among other reasons.

38.     Amyn Alidina is in default of the Amyn Alidina Nexgen Guaranty for failing to pay the amounts owing under the Nexgen Note upon the Nexgen Maturity Default, among other reasons.

39.     Abdul Alidina is in default of the Abdul Alidina Guaranty for failing to pay the amounts owing under the Nexgen Note upon the Nexgen Maturity Default, among other reasons.

40.     Almas Alidina is in default of the Almas Alidina Guaranty for failing to pay the amounts owing under the Nexgen Note and the CGI Guaranty upon the Nexgen Maturity Default, among other reasons.

41.     By letter dated July 16, 2021, Regions provided Notice of Default, Acceleration and Demand for Repayment of Indebtedness, and Intent to Collect Attorneys' Fees Pursuant to O.C.G.A. § 13-1-11 to Defendants as a result of the Events of Default specified therein, including without limitation, Defendants'

failures to pay the amounts owing under the Loan Documents upon the CGI Maturity Default and the Nexgen Maturity Default, and demanded immediate payment of all amounts due and owing under the Loan Documents (the "Notice of Default"). A true and correct copy of the Notice of Default is attached hereto as Exhibit P.

42.    The Notice of Default further notified Defendants, pursuant to O.C.G.A. § 13-1-11, that Regions intended to enforce the attorneys' fees provisions in the Loan Documents and they had ten (10) days from receipt of the Notice of Default within which to pay the amounts due under the Loan Documents without also being liable for attorneys' fees.

43.    Defendants did not pay the amounts due under the Loan Documents within ten (10) days from receipt of the Notice of Default.

44.    As of January 6, 2022, the following amounts were owed under the Loan Documents, exclusive of costs and attorneys' fees:

| Note | Principal Balance | Accrued Interest | Late Charges | Total | Per Diem (Default Rate) |
|---|---|---|---|---|---|
| Term Note 3566 | $179,664.63 | $423.76 | $0.00 | $180,088.29 | $35.434 |
| Term Note 4806 | $273,296.86 | $954.45 | $0.00 | $274,251.31 | $51.243 |
| Term Note 1855 | $806,704.18 | $3,676.05 | $2,429.55 | $812,809.78 | $156.860 |
| CGI LOC Note | $14,605.49 | $6,106.05 | $101.59 | $20,813.13 | $3.246 |
| Nexgen Note | $334,307.54 | $13,880.65 | $0.00 | $348,188.19 | $74.291 |
| **TOTAL** | $1,608,578.70 | $25,040.96 | $2,531.14 | **$1,636,150.70** | $321.07 |

## III.    CAUSES OF ACTION

### COUNT I
Breach of the CGI Notes (Against CGI)

45.    Regions re-alleges and incorporates by reference the allegations in Paragraphs 1 through 29, and 41 through 44.

46.    CGI is in default of its obligations under the CGI LOC Note because of the CGI Maturity Default, among other reasons.

47.    CGI is in default of its obligations under Term Note 3566, Term Note 4806, and Term Note 1855 because, among other reasons, the CGI Maturity Default, pursuant to the cross-default provisions in each of Term Note 3566, Term Note 4806, and Term Note 1855.

48.    CGI is liable to Regions under Note 3566 for the principal balance in the amount of $179,664.63, accrued interest in the amount of $423.76 as of January 6, 2022, and per diem default interest after January 6, 2022, and through judgment in the amount of $35.434.

49.    CGI is liable to Regions under Note 4806 for the principal balance in the amount of $273,296.86, accrued interest in the amount of $954.45 as of January 6, 2022, and per diem default interest after January 6, 2022, and through judgment in the amount of $51.243.

50.    CGI is liable to Regions under Note 1855 for the principal balance in the amount of $806,704.18, accrued interest in the amount of $3,676.05 as of January 6, 2022, per diem default interest after January 6, 2022, and through judgment in the amount of $156.860, and late charges in the amount of $2,429.55.

51.    CGI is liable to Regions under the CGI LOC Note for the principal balance in the amount of $14,605.49, accrued interest in the amount of $6,106.05 as of January 6, 2022, per diem default interest after January 6, 2022, and through judgment in the amount of $3.246, and late charges in the amount of $101.59.

## COUNT II
### Breach of the Nexgen Note (Against Nexgen)

52.    Regions re-alleges and incorporates by reference the allegations in Paragraphs 1 through 27, 35, and 41 through 44.

53.    Nexgen is in default of its obligations under the Nexgen Note because of the Nexgen Maturity Default, among other reasons.

54.    Nexgen is liable to Regions under the Nexgen Note for the principal balance in the amount of $334,307.54, accrued interest in the amount of $13,880.65 as of January 6, 2022, and per diem default interest after January 6, 2022, and through judgment in the amount of $74.291.

## COUNT III
### Breach of the CGI Guaranty (Against CGI)

55.    Regions re-alleges and incorporates by reference the allegations in Paragraphs 1 through 27, 35, 36, and 41 through 44.

56.    CGI is in default of its obligations under the CGI Guaranty for failing to pay the amounts owing under the Nexgen Note upon the Nexgen Maturity Default, among other reasons.

57.    CGI is liable to Regions under the CGI Guaranty for the principal balance owned on the Nexgen Note in the amount of $334,307.54, accrued interest in the amount of $13,880.65 as of January 6, 2022, and per diem default interest after January 6, 2022, and through judgment in the amount of $74.291.

## COUNT IV
### Breach of the Nexgen Guaranty (Against Nexgen)

46564860 v1

58.     Regions re-alleges and incorporates by reference the allegations in Paragraphs 1 through 30, and 41 through 44.

59.     Nexgen is in default of its obligations under the Nexgen Guaranty for failing to pay the amounts owing under the CGI Notes upon the CGI Maturity Default, among other reasons.

60.     Nexgen is liable to Regions under the Nexgen Guaranty for the principal balance owed on Note 3566 in the amount of $179,664.63, accrued interest in the amount of $423.76 as of January 6, 2022, and per diem default interest after January 6, 2022, and through judgment in the amount of $35.434.

61.     Nexgen is liable to Regions under the Nexgen Guaranty for the principal balance owed on Note 4806 in the amount of $273,296.86, accrued interest in the amount of $954.45 as of January 6, 2022, and per diem default interest after January 6, 2022, and through judgment in the amount of $51.243.

62.     Nexgen is liable to Regions under the Nexgen Guaranty for the principal balance owed on Note 1855 in the amount of $806,704.18, accrued interest in the amount of $3,676.05 as of January 6, 2022, per diem default interest after January 6, 2022, and through judgment in the amount of $156.860, and late charges in the amount of $2,429.55.

63.    Nexgen is liable to Regions under the Nexgen Guaranty for the principal balance owed on the CGI LOC Note in the amount of $14,605.49, accrued interest in the amount of $6,106.05 as of January 6, 2022, per diem default interest after January 6, 2022, and through judgment in the amount of $3.246, and late charges in the amount of $101.59.

## COUNT V
### Breach of the Personal Guarantees (Against the Individual Guarantors)

64.    Regions re-alleges and incorporates by reference the allegations in Paragraphs 1 through 44.

65.    Akbar Alidina is in default of his obligations under the Akbar Alidina CGI Guaranty and the Akbar Alidina Nexgen Guaranty for failing to pay the amounts owing under the CGI Notes upon the CGI Maturity Default and failing to pay the amounts owing under the Nexgen Note upon the Nexgen Maturity Default, among other reasons.

66.    Amyn Alidina is in default of his obligations under the Amyn Alidina CGI Guaranty and the Amyn Alidina Nexgen Guaranty for failing to pay the amounts owing under the CGI Notes upon the CGI Maturity Default and failing to pay the amounts owing under the Nexgen Note upon the Nexgen Maturity Default, among other reasons.

46564860 v1

67.     Almas Alidina is in default of her obligations under the Almas Alidina Guaranty for failing to pay the amounts owing under the CGI Notes upon the CGI Maturity Default and failing to pay the amounts owing under the CGI Guaranty and Nexgen Note upon the Nexgen Maturity Default, among other reasons.

68.     Abdul Alidina is in default of his obligations under the Abdul Alidina Guaranty for failing to pay the amounts owing under the Nexgen Guaranty and CGI Notes upon the CGI Maturity Default and failing to pay the amounts owing under the Nexgen Note upon the Nexgen Maturity Default, among other reasons.

69.     The Individual Guarantors are liable to Regions under their respective Personal Guarantees for the principal balance owed on Note 3566 in the amount of $179,664.63, accrued interest in the amount of $423.76 as of January 6, 2022, and per diem default interest after January 6, 2022, and through judgment in the amount of $35.434.

70.     The Individual Guarantors are liable to Regions under their respective Personal Guarantees for the principal balance owed on Note 4806 in the amount of $273,296.86, accrued interest in the amount of $954.45 as of January 6, 2022, and per diem default interest after January 6, 2022, and through judgment in the amount of $51.243.

46564860 v1

71.     The Individual Guarantors are liable to Regions under their respective Personal Guarantees for the principal balance owed on Note 1855 in the amount of $806,704.18, accrued interest in the amount of $3,676.05 as of January 6, 2022, per diem default interest after January 6, 2022, and through judgment in the amount of $156.860, and late charges in the amount of $2,429.55.

72.     The Individual Guarantors are liable to Regions under their respective Personal Guarantees for the principal balance owed on the CGI LOC Note in the amount of $14,605.49, accrued interest in the amount of $6,106.05 as of January 6, 2022, per diem default interest after January 6, 2022, and through judgment in the amount of $3.246, and late charges in the amount of $101.59.

73.     The Individual Guarantors are liable to Regions under their respective Personal Guarantees for the principal balance owned on the Nexgen Note in the amount of $334,307.54, accrued interest in the amount of $13,880.65 as of January 6, 2022, and per diem default interest after January 6, 2022, and through judgment in the amount of $74.291.

**COUNT VI**
Attorneys' Fees (Against All Defendants)

74.     Regions re-alleges and incorporates by reference the allegations in Paragraphs 1 through 73.

46564860 v1

75.    Defendants are liable to Regions for 15% of the principal plus accrued interest as attorneys' fees, pursuant to O.C.G.A. § 13-1-11 and the Loan Documents.

**NOW WHEREFORE**, Regions prays for the following relief:

(a)    that summons issue as to Defendants;

(b)    that final judgment be entered against Defendants, jointly and severally, as follows:

(i)    on Note 3566 for the principal balance in the amount of $179,664.63, accrued interest in the amount of $423.76 as of January 6, 2022, and per diem default interest after January 6, 2022, and through judgment in the amount of $35.434;

(ii)    on Note 4806 for the principal balance in the amount of $273,296.86, accrued interest in the amount of $954.45 as of January 6, 2022, and per diem default interest after January 6, 2022, and through judgment in the amount of $51.243;

(iii)    on Note 1855 for the principal balance in the amount of $806,704.18, accrued interest in the amount of $3,676.05 as of January 6, 2022, per diem default interest after January 6, 2022, and through judgment in the amount of $156.860, and late charges in the amount of $2,429.55;

(iv)    on the CGI LOC Note for the principal balance in the amount of $14,605.49, accrued interest in the amount of $6,106.05 as of January 6, 2022, per diem default interest after January 6, 2022, and through judgment in the amount of $3.246, and late charges in the amount of $101.59;

(v)    on the Nexgen Note for the principal balance in the amount of $334,307.54, accrued interest in the amount of $13,880.65 as of January 6, 2022, and per diem default interest after January 6, 2022, and through judgment in the amount of $74.291;

(c)    that such final judgment includes an award for 15% of the principal plus accrued interest as attorneys' fees, pursuant to O.C.G.A. § 13-1-11 and the Loan Documents;

(d)    an order taxing all costs on Defendants;

(e)    post-judgment interest at the Default Rate as provided for in the Loan Documents; and

(f)    for all other relief this Court deems proper.

[SIGNATURE APPEARS ON THE FOLLOWING PAGE.]

46564860 v1

This 7th day of January 2022.

**BURR & FORMAN LLP**

*/s/ Brian J. Levy*
Erich N. Durlacher
Georgia Bar No. 235563
edurlacher@burr.com

171 17th Street NW                    Brian J. Levy
Suite 1100                            Georgia Bar No. 302518
Atlanta, Georgia 30363                blevy@burr.com
Telephone:  (404) 815-3000            COUNSEL FOR PLAINTIFF
Facsimile:   (404) 817-3244           REGIONS BANK

46564860 v1